**Victor D. VAUGHN, Plaintiff,**

**v.**

**STATE OF MISSOURI, State of Kansas, and United States of America, Defendants.**

**No. 1130.**

United States District Court
W. D. Missouri,
Central Division.

March 29, 1967.

Alex Bartlett, Jefferson City, Mo., for plaintiff.

Howard L. McFadden, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for defendants.

MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

On January 13, 1967 we entered the following order in this case:

Plaintiff seeks to file, *in forma pauperis*, a "Petition For Right of Redress," in which he seeks a declaratory judgment. We shall grant leave to file but will deny any relief.

Plaintiff alleges that he is presently an inmate of the Missouri State Pen-

itentiary at Jefferson City; that the State of Kansas has lodged a detainer against plaintiff; that the State of Missouri has jurisdiction to try plaintiff on the charge pending in Kansas, citing Section 541.040, R.S.Mo.1959, V.A.M.S.; that the failure of said States to try plaintiff constitutes a denial of his right to a speedy trial; and that due to the lapse of time plaintiff has been denied the right to call witnesses in his own behalf.

■ The law is clear that in the absence of exceptional circumstances, not present here, considerations of comity require that this Court not intervene or attempt to exercise jurisdiction over the administration of the criminal laws of the State. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922); Potter v. State of Missouri (W.D. Mo. July 23, 1963) No. 14516-1 (unpublished), affirmed 325 F.2d 525.

■ Plaintiff, of course, has the right to raise the questions presented here should a State court attempt to try plaintiff upon the expiration of the sentence he is presently serving in the Missouri Penitentiary. The present course of action open to plaintiff is to make proper application to the State court in which plaintiff is charged requesting that he be afforded his right to a speedy trial with regard to any pending charges.

For the above stated reasons, plaintiff's "Petition For Right of Redress" should be and is hereby denied.

Plaintiff has requested that we reconsider that order. In support of that request plaintiff has presented for our review certain correspondence and other papers concerning his attempts to have the State of Kansas proceed against him or otherwise dispose of the charges now pending in Kansas upon which detainers have been lodged with the authorities at the Missouri State Penitentiary.

We shall comment on this material in some detail because it is evident from correspondence with other inmates at the Missouri Penitentiary that there is a current impression among particular inmates that this Court possesses some sort of jurisdiction over detainer problems that it does not in fact and under the law possess.

Among the papers submitted in this case are two warrants: one issuing out of the Magistrate Court of the Honorable William S. Allen in Olathe, Johnson County, Kansas, on August 23, 1963, and one issued by the Clerk of the City Court of Kansas City, Wyandotte County, Kansas on August 26, 1963. The Wyandotte County warrant was served as a detainer on the officials at the Missouri State Penitentiary on or about December 29, 1963. It is not clear, although it is not important, whether the Johnson County warrant has in fact been served.

In an effort to involve a federal court in his detainer problems, plaintiff filed a petition for a writ of habeas corpus ad prosequendam in the United States District Court for the District of Kansas in 1965. That Court denied relief on October 11, 1965.

The United States District Court for the District of Kansas properly determined that petitioner could not raise the issue of denial of a speedy trial in that Court; that the State of Kansas could not gain custody of petitioner for prosecution without the consent of the State of Missouri; that the State of Kansas was under no mandatory duty to institute proceedings for the removal of petitioner for trial; and that the federal court was without authority to direct the State of Kansas to take such action.

The bulk of the material submitted by plaintiff consists of correspondence between plaintiff and Magistrate William S. Allen of Olathe; Robert C. Londerholm, Attorney General, State of Kansas; Hugh Kreamer, County Attorney, Olathe, Kansas; James Bouska, County Attorney, Olathe, Kansas; Gerald L. Hougland, Assistant County Attorney, Olathe, Kansas; and Ronald Baxter, Pardon and Extradition Attorney, State of Kansas. Also included are various letters to and from the Secretary of State, State of Missouri, regarding an alleged

extradition proceeding in Missouri for the purpose of prosecution in Kansas; Ralph Kidd, Legislative Research Committee, State of Missouri; and Mr. Lauf, prison record clerk, Missouri State Penitentiary.

The views of the State of Kansas are best summarized in the letter of February 20, 1967 from Gerald L. Hougland, Assistant County Attorney, Olathe, Johnson County, Kansas, to the petitioner wherein extended reference is made to the opinion of the United States District Court for the District of Kansas to which we have referred. The letter concluded as follows:

> Until such times as a decision is reached by the State of Kansas through this office to recall our warrant for your custody (which may only be accomplished by your release) it will remain as a detainer.

> I therefore see no present nor soon to be accomplished withdrawal of our charges or detainer against your person.

And on a copy of a letter of February 16, 1967 to James Bouska, County Attorney, Olathe, Kansas, Magistrate Judge William S. Allen stated to Vaughn: "I can not withdraw warrant without County Attorney agreeing."

The materials submitted by the plaintiff add no significant factual data to plaintiff's case as first stated. Our order of January 13, 1967 was a correct disposition of this case.

■ We reiterate that plaintiff's proper remedy is in the courts of Kansas where the charges are presently pending. If plaintiff wishes to protect his federal constitutional right to speedy trial he should presently proceed by appropriate motion in the Kansas courts where the charges are pending. See Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (March 13, 1967). In *Klopfer*, The Supreme Court of the United States held that the right to a speedy trial is guaranteed to a defendant in a State prosecution by the Sixth Amendment to the Constitution of the United States through the Fourteenth Amendment. Demand for protection of that right must be made in the State court in which the detainer charge is pending. Should present relief be denied, the plaintiff will have preserved the question for presentation again at the time of trial. Any denial of the alleged right of speedy trial could then be appealed to the highest court of the State and, upon denial, further review could be sought in the Supreme Court of the United States.

■ Applications for relief in a federal district court can not be sought until the plaintiff is in custody under a conviction on the detainer charge, and not then until all available State court remedies shall have been exhausted.

For the reasons stated plaintiff's motion for reconsideration should be and is hereby denied and the materials presented in support are ordered returned to plaintiff.