Jasper Marion BALL, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 19598-3.

United States District Court, W. D. Missouri, W. D.

Aug. 9, 1971.

Jasper Marion Ball, pro se.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict currently confined in the Missouri State Penitentiary, petitions this Court for a writ of habeas corpus, claiming that a sentence which he has yet to serve under a Kansas conviction is unlawful and was secured in violation of his federal rights. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he is currently serving a sentence under a Missouri conviction in the Missouri State Penitentiary; that "on or about the 8th day of February 1971" he was convicted on his plea of guilty in the District Court of Johnson County, Kansas, of first degree robbery; that he was sentenced on that conviction to a term of 10 to 21 years; that he did not appeal from the judgment of conviction or imposition of sentence; that he has filed no postconviction motions, petitions or applications in the state courts of either Missouri or Kansas challenging the conviction; and that he was represented by counsel at his arraignment and plea and at his sentencing.

As grounds for his contention that his state sentence in the courts of Kansas violates his federal rights, petitioner states the following:

"(a) Petitioner contends that the state of Kansas lost jurisdiction over petitioner to return him back to Kansas to face charges after taking petitioner to Kansas from Missouri and after sentence was imposed released petitioner back to the custody of Missouri to finish sentence there.

"[b] Petitioner contends that Kansas officials came to Missouri at the state penitentiary in the month of Jan, (1971) and took petitioner to the state of Kansas. Petitioner did not sign Exerdition (sic) papers. In fact when petitioner asked Kansas officials if they had Exerdition (sic) papers he was informed by Kansas officials that they did not have said papers and that they did not need Exerdition (sic) papers; that they had Missouri and Kansas Govenor (sic) warrants. Petitioner asked Kansas officials if he could call his attorney in K. C. Mo. Mr. Kenneth Simon but petitioner was denied this privilege and informed that he could call said attorney after he got to Kansas where petitioner's attorney has no jurisdiction in Kansas. Then when petitioner was sentenced in Kansas for a three year old robbery charge and given 10 to 21 years, petitioner was returned back to Missouri to finish a 7-year sentence here. Kansas officials did not have Exerdition (sic) papers coming or goying (sic) from one state to the other, therefore de-

nied petitioner his rights to fight Exerdition (sic) and taking petitioner across the state line elegally (sic) and petitioner contends that when Kansas returned petitioner back to Missouri that they relinquished all jurisdiction over petitioner and have lost all rights to return petitioner to serve said sentence for 10 to 21 years in Kansas, petitioner prays the Honorable Court to Grant him relief in form of a dismissal of said sentence in Kansas."

■ Petitioner thereby is challenging his Kansas sentence which he is scheduled to serve after the completion of the Missouri sentence which he is currently serving. In Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578, it was held that jurisdiction of a petition for habeas corpus challenging a conviction and sentence in another state was proper in the federal court of the state in which the prior sentence was being served and that relief might be accorded by that Court with respect to the "impact of the detainer" lodged by the other state with the state having custody of the petitioner. That case did not abrogate the doctrine of exhaustion of state remedies, however. Rather, the Court held that:

"Since the Full Faith and Credit Clause does not require that sister States enforce a foreign penal judgment * * * California is free to consider what effect, if any, it will give to the North Carolina detainer in terms of George's present 'custody.' Because the petition for rehearing raised precisely such a challenge to the California 'custody,' a matter that has not yet been presented to the California courts, we conclude that respondent George has not yet exhausted his California remedies." 399 U.S. at 229, 90 S.Ct. at 1966, 26 L.Ed.2d at 582–583.

Petitioner should therefore attempt to exhaust his state remedies in the state courts of Missouri before invoking federal habeas jurisdiction with respect to his claim that the state of Missouri should give no effect to any detainer based upon the challenged Kansas sentence. Section 2254, Title 28, United States Code. Petitioner should therefore seek relief in the state courts of Missouri by initially petitioning for habeas corpus in the Circuit Court of Cole County, or alternatively, for prohibition, injunction, mandamus or other extraordinary relief to compel the respondent Warden of the Missouri State Penitentiary to give no effect to any detainer warrant lodged with him by the State of Kansas, demanding the production of petitioner's person at the completion of his Missouri sentence. Nelson v. George, supra. Cf. Wilwording v. Swenson (C. A.8) 439 F.2d 1331. From any adverse decision in that court, petitioner should appeal to the Missouri Supreme Court, or he should file a successive petition for habeas corpus in the Missouri Supreme Court. In the absence of exceptional circumstances not stated to be present in the case at bar, petitioner's state remedies cannot be deemed exhausted for the purposes of federal habeas jurisdiction until the Missouri Supreme Court has ruled adversely to petitioner on the merits of his contentions. Section 2254, supra; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Wilwording v. Swenson, supra. For relief in the form of actual vacation of the sentence, however, petitioner should file postconviction motions in the courts of the state of Kansas in which he was convicted and should seek any appellate remedies he might have in that state and, if he does not seek relief from the state courts, he may petition for habeas corpus in the federal court of the Kansas district. Kane v. Virginia (C.A.4) 419 F.2d 1369; Williams v. Commonwealth of Pennsylvania (W.D.Mo.) 315 F.Supp. 1261.

■ The petition herein should not be granted for the separate and independent reason that petitioner does not state the denial of any federal right. It is well settled that permitting another

sovereign to take a prisoner into custody under a writ of habeas corpus ad prosequendum for the purpose of trying and sentencing him does not defeat the rights of the first sovereign and that the jurisdiction of the second sovereign to enforce the sentence is not destroyed by return of the prisoner to the first sovereign. See Potter v. Ciccone (W.D.Mo.) 316 F.Supp. 703, 706, and cases there cited. Further, it has been held since Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed.2d 421, that a person forcibly abducted from one state without warrant or authority of law and placed in the demanding state's custody does not have a claim for release in habeas corpus if custody by the demanding state is otherwise lawful. Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; Lascelles v. Georgia, 148 U.S. 537, 13 S. Ct. 687, 37 L.Ed. 549; In re Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; Farrant v. Bennett (C.A.8) 347 F.2d 390; United States v. Rosenberg (C.A.2) 195 F.2d 583; Johnson v. Matthews, 86 U.S.App.D.C. 376, 182 F.2d 677; Bullis v. Hocker (C.A.9) 409 F.2d 1380. In Frisbie v. Collins, *supra*, the United States Supreme Court held that:

> "No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that *due process of law is satisfied when one present in court is convicted of a crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards.*" (Emphasis added.) 342 U.S. at 522, 72 S.Ct. at 511–512, 96 L.Ed. at 545.

Nevertheless, the dismissal of the petition in this case will be without prejudice to give petitioner the benefit of any doubt that he may be able to state a claim in the state courts of Kansas or Missouri, or both, respecting the invalidity of his Kansas sentence.

It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition for habeas corpus herein be, and it is hereby, dismissed without prejudice.