STATE of Missouri, Respondent,

v.

Roger L. BRAGER, Appellant.

No. 57556.

Supreme Court of Missouri,
Division No. 1.

July 16, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Gerald M. Handley, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

HIGGINS, Commissioner.

Roger L. Brager, charged jointly with Milt T. Kelton, with assault with intent to kill with malice aforethought, was, upon separate trial, convicted by a jury. The jury was unable to agree on defendant's punishment; the court assessed his punishment at 25 years' imprisonment and rendered sentence and judgment accordingly. § 559.180, RSMo 1969, V.A.M.S.; Rule 27.03, V.A.M.R. (Appeal taken prior to January 1, 1972.)

By Point II appellant charges the evidence was insufficient to support his conviction. His argument is that the testimony consisted of fingerprints of another person and testimony of the victim, a convicted felon; that the victim's testimony that he heard defendant call on his partner to shoot him (the victim) again was inconsistent with testimony of the victim that he could not remember how he stopped his car after being shot or how long he was unconscious; and that testimony of the victim, with respect to where he was shot, was inconsistent with his medical records.

All of the evidence was adduced by the State.

Theodore Lafayette Ewing, the victim, at about 1:30 to 2:00 a. m., April 16, 1970, had

been gambling at a shoeshine parlor called The Rendezvous, between 30th and 31st on Prospect in Kansas City, Jackson County, Missouri. He had been there about three or four hours and left about 1:30 a. m. with Roger Brager and Terry (Milt T.) Kelton who had been present with him during the game. "Radio," Roger Brager, asked him to drive him to look for his car; that a girl named Sue had his car. The three drove around town for some time in the victim's 1966 Cadillac. Brager was in the front passenger seat; Kelton was in the rear seat. They arrived ultimately at 57th and Olive near Sue's home where he, Ewing, was shot twice. He felt two "stings" in his head. After that, "I must have collapsed. I was driving the car, I don't ever remember stopping my car, and I collapsed and I could feel them going through my person, my clothes, I could hear them talking. * * * I heard Keltner [Kelton] and I heard Brager talking back and forth * * * and I started groaning, saying, 'Oh, no, no, no.' And I heard Radio say, 'The s. b. isn't dead yet, shoot him again,' so the next thing I know, I was shot again and I plunged into darkness behind that, and I don't remember anything after that until I came to myself * * *." When he recovered, he began blowing his horn, crashed into another car, and waited for help. His money, some $300, his ring and his watch were missing. Kelton had told the victim during the course of the ride that he had a gun.

Upon cross-examination, the victim admitted a prior felony record and that he had met Kelton in the Missouri State Penitentiary.

Medical records from the hospital where the victim was taken upon being found by the police showed he had been wounded six times about his head and body by bullets.

Ray Bowman, an officer in the identification unit of the Kansas City Police Department, processed the victim's automobile for fingerprints. He "lifted" one from the inside of the right front window and determined it to be identical with the left middle finger of Milton Terry Kelton.

▮ From this evidence, and under the appropriate test, State v. Griggs, 445 S.W. 2d 633 (Mo.1969), a jury reasonably could find that defendant, in concert with Terry Kelton, feloniously and with malice aforethought, assaulted Theodore Ewing with a deadly weapon with the requisite intent to kill. State v. Johnson, 457 S.W.2d 795, 796-797 (Mo.1970). Discrepancies, if any, in the victim's testimony and his credibility were matters for resolution by the jury.

By Point I appellant asserts "plain error" under Rule 27.20(c), V.A.M.R., in the admission of the fingerprint of Milton Terry Kelton. In an attempt to meet his burden of showing the manifest injustice required for relief under the rule, he argues that the jury was led to believe that Kelton's fingerprint tended to show this defendant's guilt.

▮ Kelton's fingerprint was material and relevant on the issue of Brager's guilt. Kelton was known by the victim to have a gun and it was never seen in Brager's hand. This gap was covered by the statement attributed to Brager by the victim in which Brager urged Kelton to shoot "the s. b.," Ewing. The case was submitted on the theory that Brager was guilty as an aider and abettor acting jointly with Kelton, and the questioned evidence placed Brager's coconspirator Kelton at the scene of the shooting. Accordingly, the fingerprint of Kelton was properly admitted and, therefore, was not a matter of "plain error."

Defendant, at the time of this sentencing, had received a similar sentence in the federal court for an offense separate and distinct from the instant case, and he requested the court to permit this sentence to run concurrently with any time received in the federal court. Appellant now contends, Point III, that the court erred in refusing the request to allow his sentence in this case "to run concurrent with a sentence imposed by the federal court."

The sole support offered for his contention is ABA Standard 3.5 which suggests it is "highly desirable that multiple sentences * * * imposed by different states be served at one time and under one correctional authority. * * * Methods of implementing these principles by necessary interstate and federal-state agreements should be explored and effected."

It is not contended that this standard is in any way binding upon the sentencing court in this case, and the appellant does not attempt to demonstrate how the court could have imposed this sentence concurrently with the federal sentence. See Grimes v. Greer, 223 Ga. 628, 157 S.E.2d 260, 261. And appellant's sentence is within the range prescribed by the statute under which he was convicted.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.