Roger L. BRAGER, Petitioner,

v.

STATE OF MISSOURI, Respondent.

Civ. A. No. 73 CV 544-W-3.

United States District Court,
W. D. Missouri, W. D.

Nov. 28, 1973.

Roger L. Brager, pro se.

D. Brook Bartlett, First Asst. Atty. Gen. of Mo., Jefferson City, Mo., for respondent.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING LETTER MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE AND FINAL JUDGMENT DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, District Judge.

This is a petition for a writ of habeas corpus by a federal [1] prisoner in custody at the United States Penitentiary, Terre Haute, Indiana. Petitioner seeks an adjudication that his Missouri State conviction and sentence were illegally imposed upon him in violation of his federal constitutional rights. Petitioner requests leave to proceed in *forma pauperis*. Leave to proceed in *forma pauperis* will be granted.

Petitioner states that he was convicted upon a verdict finding him guilty by a jury in the Circuit Court of Jackson County, Missouri, of assault with intent to kill with malice aforethought; that he was sentenced on that conviction on the 1st day of September, 1970, to a term of twenty-five years imprison-

ment; that he appealed from the judgment of conviction and imposition of sentence to the Missouri Supreme Court; that the judgment of conviction and imposition of sentence was affirmed in State v. Brager, 497 S.W.2d 181 (Mo. Sup.1973); that he has filed no prior motions, petitions or applications with respect to this state conviction in this or any other court; and that petitioner was represented by counsel at all stages of the state proceedings against him and on his direct appeal from the judgment of conviction and sentence to the Missouri Supreme Court.

Petitioner states the following grounds on which he bases his contention that he is being held in custody unlawfully:

"Unlawfully imposed consecutive sentence.

"Numerous State and Federal Constitutional Rights violated.

"Evidence adduced from trial was frivolous to support said conviction."

Petitioner states the following as facts in support of his contention that he is being held in custody unlawfully:

"ABA Standard 3.5 relating to sentencing alternatives and procedures provides for a rationale alternative when a court faces a 'Multiple Offenses: Different States.'

"The appellant had received a similar amount of years from the federal court, thereby, receiving the same 25 years in state court, but, running wild.

"Said term of 25 years federal and 25 years state rejects any and all rationale for handling multiple problems thereby being: inconsistent, racist in application, depressive in nature; and without regards to rehabilitative penology.

1. Petitioner is a federal prisoner, presently confined in the United States Penitentiary at Terre Haute, Indiana, pursuant to his conviction and sentence in this Court. United State v. Brager, Criminal Action Nos. 23137-2 and 23218-2-D (W.D.Mo.1970). Although petitioner was convicted and sentenced by this Court and is presently serving his federal sentence, he does not herein attack his federal sentence, but rather seeks to challenge the legality of a judgment and sentence of the Circuit Court of Jackson County, State of Missouri.

"Constitutional violation: 4, 5, 6, 8, 9, 14.

"The evidence adduced at trial was insufficient to support a conviction as set in: State v. Griggs; [State] v. Webb; "[State] v. Sykes."

With respect to the above contentions, petitioner states that the same have not previously been presented to any court ". . . due to the lack of legal-aid, assistance of material for filing same." However, a reading of State v. Brager, *supra,* indicates that, on his direct appeal of his conviction in the Missouri Supreme Court, petitioner raised contentions similar to some, but not all, raised in this petition and that the contentions raised were decided adversely to him.

Petitioner's present contention respecting "ABA Standard 3.5 relating to sentencing alternatives and procedures" was raised by him in the Missouri Supreme Court. Petitioner's other contentions respecting various constitutional violations were apparently not raised in the Missouri Supreme Court and the merits of the other contentions have not been decided by any Missouri state court.

The case at bar presents a situation wherein a federal prisoner, who is physically confined outside the territorial jurisdiction of this district pursuant to a federal conviction, seeks to challenge the legality of a Missouri State conviction and sentence secured and imposed by a state trial court within this district. Although petitioner fails to state where his federal conviction was secured, the records of this Court reveal that petitioner was convicted of bank robbery in this Court and was sentenced on October 23, 1970, to a total of twenty-five years imprisonment. United States v. Brager, Criminal Action Nos. 23137–2 and 23218–2–D (W.D.Mo.1970). Judicial notice is taken of these facts.

Because of the absence of the petitioner and his federal custodian from this district and the named respondent, it is necessary initially to make a determination whether this Court has jurisdiction to hear and determine the petition herein. If jurisdiction exists, then a further determination must be made whether that jurisdiction should be exercised under the existing circumstances.

Under the provisions of subsections (a) and (c)(3) of Section 2241, Title 28, United States Code, the following jurisdictional limitations are provided:

"(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions.* The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

\* \* \* \* \* \*

"(c) The writ of habeas corpus shall not extend to a prisoner unless

. . .

"(3) He is *in custody* in violation of the Constitution or laws or treaties of the United States . . ." (Emphasis added.)

In 1966, the following new subsection (d) on venue, jurisdiction and transfer was added to Section 2241:

"(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal Judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."

Although it is not obvious from a reading of the above subsections, the legislative history of the 1966 amendments to Section 2241 suggests that

Congress may have intended to adopt and preserve, in part, the jurisdictional (territorial) limitations prescribed by the ruling in Ahrens v. Clark, 335 U. S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948).[2] See, S.Rep.No.1502, 89th Cong., 2d Sess., 2 U.S. Code Congressional and Administrative News p. 2968 (1966).

The 1966 amendments to Section 2241 were made prior to the decision of the United States Supreme Court in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), and Congress probably did not fully foresee the developing multistate and multidistrict problems.[3] In the Peyton case, the Supreme Court abandoned the narrow concept of custody as established in McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934),[4] and held that ". . . a prisoner serving consecutive sentences was 'in custody' under any one of them for purposes of § 2241(c)(3)." Peyton v. Rowe, supra, 391 U.S. at 67, 88 S.Ct. at 1556, 20 L.Ed.2d at 435. In so ruling, the Supreme Court laid the basis for attacking future consecutive sentences (imposed by the same state) by means of a petition for a writ of habeas corpus by a prisoner in custody within the convicting state's prison system.

The gradual erosion of the traditional and narrow jurisdictional view of the writ of habeas corpus was accelerated by the decision in Word v. North Carolina, 406 F.2d 352 (4th Cir. 1969). In the Word case, Chief Judge Haynsworth, expressing the views of the majority of the United States Court of Appeals for the Fourth Circuit sitting en banc, concluded that Ahrens v. Clark, supra, was basically a venue decision and that the physical presence of a prisoner within the district wherein the challenged conviction was secured was not an invariable requirement to jurisdiction if absolute adherence to such a rule would result in leaving a prisoner in custody without an effective remedy.

The evolving liberal view of the term "in custody" and its relationship to habeas jurisdiction and venue was further expanded in the Supreme Court's decision in Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970). In that case, John George was initially convicted by a California state court and started to serve a state sentence of five years to life. He was then temporarily released to North Carolina authorities in order that he could be tried for robbery. A North Carolina state court convicted him and sentenced him to twelve to fifteen years' imprisonment. He was then returned to California to complete his California State sentence and North Carolina authorities lodged a detainer, requesting his arrest and return to North Carolina at the termination of his California sentence. The prisoner filed a petition for federal habeas corpus in the United States District Court for the Northern District of California, challenging the validity of his North Carolina conviction. The District Court denied the petition on the grounds that McNally v. Hill, supra,[5] foreclosed habeas corpus postconviction relief from the North Carolina conviction while petitioner was still in custody under the prior California judgment and sentence. The petitioner then filed a petition for rehearing, contending that the North Carolina detainer operated as a form of "constructive custody" which affected his California custodial classification

2. In Ahrens v. Clark, supra, the Supreme Court held that the presence within the territorial jurisdiction of a federal district court, of the person detained, was a prerequisite to the jurisdiction of the federal court to issue a writ of habeas corpus.

3. See, Nelson v. George, 399 U.S. 224, 90 S. Ct. 1963, 26 L.Ed.2d 578, 582 fn. 5 (1970).

4. In McNally v. Hill, supra, the Supreme Court, held that a federal district court did not have jurisdiction to consider a petition for federal habeas corpus wherein a challenge was made to a sentence which the prisoner had not yet begun to serve. The Court concluded that a person cannot be "in custody" with respect to a sentence which is not being served.

5. See Footnote 4, supra.

and probability of parole. The District Court denied a rehearing and the Court of Appeals for the Ninth Circuit reversed. On *certiorari,* the Supreme Court affirmed the decision of the Court of Appeals. Nelson v. George, *supra.*

Noting the intervention of its decision in Peyton v. Rowe, *supra,* which expressly overruled McNally v. Hill, *supra,* the Supreme Court in the *Nelson* case held that the District Court ". . . should retain jurisdiction of the petition for habeas corpus relief pending respondent's further application to the California courts for whatever relief, if any, may be available and appropriate if he establishes his claim that North Carolina's detainer interferes with relief that might, in the absence of the detainer, be granted by California." Nelson v. George, *supra,* 399 U.S. at 229, 90 S.Ct. at 1967, 26 L.Ed.2d at 583.

The decision in Nelson v. George, *supra,* failed to answer important questions concerning habeas corpus jurisdiction and determinations of the proper forum in multistate situations. See the dissenting opinion of Mr. Justice Douglas, 399 U.S. at page 231, 90 S.Ct. at page 1967, 26 L.Ed.2d at page 584. Some of these questions were presented to the Supreme Court of the United States in Braden v. Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

The *Braden* case involved a state prisoner who was indicted in Kentucky, escaped from custody, was subsequently arrested and convicted in Alabama, and confined in the State prison in Alabama. After an unsuccessful attempt to secure a speedy trial in Kentucky, petitioner sought federal habeas corpus relief in the District Court in Kentucky, alleging a denial of his constitutional right to a speedy trial. The District Court held that jurisdiction existed and relief was granted. The Court of Appeals for the Sixth Circuit reversed, holding that habeas corpus jurisdiction was " '. . . limited to petitions filed by persons physically present within the territorial limits of the District Court.' " Braden v. Judicial Circuit of Kentucky, 454 F.2d 145, 146 (6th Cir. 1972). On certiorari, the United States Supreme Court reversed the decision of the Court of Appeals. Braden v. Judicial Circuit of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

In its decision in the *Braden* case the Supreme Court, after reiterating the vitality of the doctrine of exhaustion of state remedies, stated that a prisoner need not be physically present within the territorial confines of a district in order that jurisdiction exist in the particular federal district court. The Supreme Court specially noted the expansive definition of the "in custody" requirement under Section 2241(c)(3), Title 28, United States Code. *See,* Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972); Nelson v. George, *supra;* Peyton v. Rowe, *supra;* Carafas v. La Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Walker v. Wainright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, 92 A.L.R.2d 675 (1963). Further, the Supreme Court concluded that a state holding a prisoner in immediate confinement acts as an agent for another state which has lodged a detainer against the prisoner, creating a form of constructive custody for purposes of habeas corpus.

This important holding in the *Braden* case settled the conflict of decisions of federal courts on the choice of the proper forum in which a prisoner might challenge an interstate detainer by means of a petition for federal habeas corpus. Some federal courts had held that the proper forum was in the demanding state. United States ex rel. Meadows v. New York, 426 F.2d 1176 (2nd Cir. 1970); Word v. North Carolina, *supra;* Williams v. Commonwealth of Pennsylvania, 315 F.Supp. 1261 (W. D.Mo.1970); Vaughn v. State of Missouri, 265 F.Supp. 933 (W.D.Mo.1967). Other federal courts had held that the proper forum was in the state wherein the prisoner was confined. Van Scoten

v. Pennsylvania, 404 F.2d 767 (3rd Cir. 1968); Ashley v. Washington, 394 F.2d 125 (9th Cir. 1968); Booker v. Arkansas, 380 F.2d 240 (8th Cir. 1967).

To resolve the conflict in the decisions, the Supreme Court held that a prisoner confined in one state may challenge an interstate detainer lodged against him and the legality of the charge (or conviction) on which it was based by means of a petition for federal habeas corpus both in the district in which the prisoner is confined or in the district where the detainer was issued. Braden v. Judicial Circuit Court of Kentucky, *supra*. *See also*, Norris v. State of Georgia, 357 F.Supp. 1200, 1204 (W. D.N.C.1973). The Supreme Court further stated that the federal district court in the district of the state which lodged the detainer will ordinarily be the most convenient forum.[6] However, it was carefully noted that such venue determinations should be made on the basis of the venue which is most convenient to the parties involved. In this connection the Supreme Court stated that ". . . [w]here a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum. 28 U.S.C. § 1404(a) [28 U.S.C. A. § 1404(a)]. Hoffman v. Blaski, 363 U.S. 335 [80 S.Ct. 1084, 4 L.Ed.2d 1254] (1960)." Braden v. Judicial Circuit Court of Kentucky, *supra*, 410 U.S. at 499, 93 S.Ct. at 1131, 35 L.Ed.2d at 455, fn. 15.

Based on the foregoing summary of the applicable law, it is apparent that in order for petitioner in the case at bar to meet the jurisdictional requirements of Section 2241(a) that "[w]rits of habeas corpus may be granted by . . . district courts . . . *within their respective jurisdictions*" and the "in custody" requirement of Section 2241(c)(3), peti-

tioner must first show that a Missouri detainer has been lodged with the authorities of the United States Penitentiary at Terre Haute, Indiana. Braden v. Judicial Circuit Court of Kentucky, *supra*. (Emphasis added.)

█ Under the multistate situation presented herein, only when petitioner has stated a claim based on a detainer can this Court begin to possess jurisdiction to consider any possible contentions petitioner may present respecting the adverse effects or validity of such a detainer. Braden v. Judicial Circuit Court of Kentucky, *supra*; Nelson v. George, *supra*; Word v. State of North Carolina, *supra*.

In his petition herein, petitioner seeks to challenge on federal standards the validity of his Missouri State conviction and sentence. He has not made that challenge by means of attacking a Missouri detainer lodged with his present custodian and the legality of the conviction on which such a detainer may be based. Thus, this Court might be without jurisdiction in this matter on the basis of the averments of the current petition. However, to adhere to such strict pleading requirements in a federal habeas corpus action would be contrary to the spirit of the writ and the liberal view accorded petitioners in habeas corpus proceedings. Peyton v. Rowe, *supra*, 391 U.S. at 66, 88 S.Ct. at 1555–1556, 20 L.Ed.2d at 433–434; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1086, 10 L.Ed.2d 148 (1963); Jones v. Cunningham, *supra*, 371 U.S. at 243, 83 S. Ct. at 377, 9 L.Ed.2d at 291. Such a view was recently emphasized by the Supreme Court wherein Justice Brennan, speaking for a majority of that Court, stated that ". . . we have consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of

---

6. By means of a footnote, the Supreme Court in Braden v. Judicial Circuit Court of Kentucky, *supra*, 410 U.S. at 499, 93 S.Ct. at 1131, 35 L.Ed.2d at 454–455 fn. 15, carefully noted as follows:

"Nothing in this opinion should be taken to preclude the exercise of concurrent habeas corpus jurisdiction over the petitioner's claim by a federal district court in the district of confinement."

758

arcane and scholastic procedural requirements. The demand for speed, flexibility, and simplicity is clearly evident in our decisions. . . ." Hensley v. Municipal Court, 411. U.S. 345, 350, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294, 299 (1973).

■ Although the petitioner herein does not state whether a Missouri detainer has been lodged with his present custodian, demanding the production of his person upon the completion of his federal sentence, inquiry has been made of the authorities of the United States Penitentiary at Terre Haute, Indiana, concerning the possible presence of such a detainer. By telephonic communication, this Court has been informed by the Records Division of that Institution that on October 10, 1973, a detainer request to serve a warrant of arrest was lodged with the prison officials at the United States Penitentiary at Terre Haute, Indiana, by Missouri State authorities within this district.[7] Upon the basis of this information and the mandate of the Supreme Court in Braden v. Judicial Circuit Court of Kentucky, *supra*, it is concluded that petitioner is challenging the validity of the Missouri State detainer request which is, in essence, an attack upon the validity of the Missouri judgment and sentence upon which the detainer is based.

Further, it is concluded that this Court has jurisdiction and that proper venue exists to entertain this petition for federal habeas corpus. It is further found that this district is the most convenient[8] district in which to process the petition for federal habeas corpus because: (1) petitioner was convicted and sentenced in this district; (2) most, if not all, relevant documents, records and witnesses should be present within this district and in the State of Missouri; (3) in petitioner's challenge to a Missouri State conviction, a federal

judge within Missouri would be more familiar with the criminal laws and procedures of the State of Missouri; and (4) in such a case involving an attack upon the validity of a Missouri State detainer, ". . . the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer." Braden v. Judicial Circuit Court of Kentucky, *supra*, 410 U.S. at 499, 93 S.Ct. at 1132, 35 L.Ed.2d at 454–455; Norris v. State of Georgia, *supra*, 357 F.Supp. at 1204.

This conclusion does not, however, require a determination at this time of the merits of the petition in the case at bar under the existing circumstances. Under the provisions of Section 2254, Title 28, United States Code, a state prisoner, in the absence of exceptional circumstances not present in this case, must exhaust his adequate and currently available state postconviction remedies before invoking federal habeas jurisdiction. Braden v. Judicial Circuit Court of Kentucky, *supra*, 410 U.S. at 489, 93 S.Ct. at 1127, 35 L.Ed.2d at 449; Nelson v. George, *supra*, 399 U.S. at 229–230, 90 S.Ct. at 1967, 26 L.Ed.2d at 583; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Ball v. Swenson, 335 F.Supp. 600, 602 (W.D.Mo.1971).

■ Petitioner states that he directly appealed his state conviction and sentence to the Missouri Supreme Court and that the judgment and sentence of the State Circuit Court was affirmed in State v. Brager, *supra*. As previously indicated, a reading of the Missouri Supreme Court's decision indicates that some, but not all, of the present contentions were raised on that direct appeal and decided adversely to petitioner. It is not asserted that even those contentions presented would not require additional evidence in a state postconviction proceeding. Further, petitioner states that he has filed no motions, petitions or

7. That detainer warrant was issued out of the Sheriff's Office of Jackson County, State of Missouri. This County is within the Western District of Missouri.

8. See Footnote 6, *supra*.

applications with respect to his present contentions in this or any other court. On the basis of this information, it must be concluded that petitioner has not exhausted his currently available state remedies with respect to all of his present contentions. Braden v. Judicial Circuit Court of Kentucky, *supra*; Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Fay v. Noia, *supra*; Ball v. Swenson, *supra*, 335 F.Supp. at 602; Deckard v. Swenson, 335 F.Supp. 992 (W.D.Mo.1971); Dixon v. Missouri, 295 F.Supp. 170 (W.D.Mo.1969); Richardson v. Swenson, 293 F.Supp. 275 (W.D.Mo.1968); Green v. Beto, 460 F.2d 322 (5th Cir. 1972). *But see,* Tyler v. Swenson, 483 F.2d 611 (8th Cir. 1973); *cf.,* Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972).

Under the circumstances presented herein, petitioner has a currently available adequate and effective state remedy to challenge the validity of his state conviction within the meaning of Section 2254, by means of a motion to vacate sentence under Missouri Criminal Rule 27.26 V.A.M.R. in the Circuit Court of Jackson County, Missouri. Williams v. Missouri Department of Corrections, 463 F.2d 993 (8th Cir. 1972); Bosler v. Swenson, 423 F.2d 297 (8th Cir. 1970); Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967); Collins v. Swenson, 384 F.2d 623 (8th Cir. 1963), cert. denied, 376 U.S. 945 (1964); Testerman v. Swenson, 331 F.Supp. 1195 (W.D.Mo.1971); White v. Swenson, 261 F.Supp. 42 (W.D.Mo.1966).

Petitioner should therefore not only file a motion to vacate sentence under Missouri Criminal Rule 27.26 V.A.M.R. in the Circuit Court of Jackson County, Missouri, raising all the grounds known to him for invalidating his state conviction, Testerman v. Swenson, *supra*; Dixon v. Missouri, *supra*; Richardson v. Swenson, *supra,* but from any adverse decision of the Circuit Court on that motion, he should also appeal to the Missouri Supreme Court. In the absence of exceptional circumstances, not stated to be present in the case at bar, only when the Missouri Supreme Court has ruled adversely to petitioner on the merits of his present contentions can his state remedies be deemed exhausted for the purposes of federal habeas corpus jurisdiction. Section 2254, *supra*; Picard v. Connor, *supra*; Fay v. Noia, *supra*; Wilwording v. Swenson, 439 F.2d 1331 (8th Cir. 1971); Ball v. Swenson, *supra*; Testerman v. Swenson, *supra*.

Therefore, the petition herein for a writ of habeas corpus will be dismissed without prejudice to the right of petitioner to reinstate his petition. This dismissal is warranted under the circumstances presented herein, for petitioner has failed to establish that he has exhausted his currently available Missouri State remedies with respect to all of his present contentions.

For the foregoing reasons, it is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in *forma pauperis*. It is further

Ordered that petitioner's *pro se* letter motion for appointment of counsel be, and it is hereby, denied without prejudice. It is further

Ordered and Adjudged that the petition herein for a writ of habeas corpus be, and it is hereby, dismissed without prejudice to the right of petitioner to reinstate his petition.