**Earl BEDWELL, Appellant,**

v.

**Charles E. HARRIS et al., Appellees.**

No. 673-70.

United States Court of Appeals,
Tenth Circuit.

Nov. 29, 1971.

---

Brian Mayes Bell, Denver, Colo., for appellant.

Richard L. Meyer, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., was with him on the brief), for appellee Charles E. Harris.

Before LEWIS, Chief Judge, and HAMLEY * and HILL, Circuit Judges.

PER CURIAM.

In its present posture this case reaches us as an appeal by Bedwell, a federal prisoner, from an order entered in the District Court for the District of Kansas denying relief sought by habeas corpus against the warden of the United States Penitentiary at Leavenworth, Kansas, now Charles E. Harris. In his original petition, and now, Bedwell seeks relief against a detainer lodged by the state of Arkansas. The petition, however, named as the only respondents the state of Arkansas and/or the Circuit Court of Lawrence County, Arkansas. The trial court, noting that the warden was not a party to the action, dismissed for lack of jurisdiction but further stated that if he were such a party comity would dictate the same result. The latter statement is in error. In a proper case it is the duty of the federal court to relieve a federal prisoner from the burden of a state detainer and the court has jurisdiction so to do. Trigg v. Moseley, 10 Cir., 433 F.2d 364. *And see* Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607.

Although the United States Attorney has appeared in behalf of the warden in this court no such appearance was made in the court below. Accordingly we remand the case to the trial court for further proceedings with directions to make the warden a party of record in that court and accord the district attorney an opportunity to present the position of the United States in regard to the total circumstances of the case. In such regard we call attention to both the policy expressed in and the potential impact of the Interstate Agreement on Detainers Act, Pub.L. 91-538, 84 Stat. 1397. So, too, the district court may desire to consider the guidelines adopted in the Northern District of Georgia for procedures applicable to federal prisoners at Atlanta. *See* Weiss v. Blackwell, D.C., 310 F.Supp. 360.

Remanded for further proceedings.

* Of the Ninth Circuit, sitting by designation.