**Boyd Henson CAMPBELL, Petitioner-Appellant,**

v.

**COMMONWEALTH OF VIRGINIA, United States Attorney General, Respondents-Appellees.**

**No. 71–1688.**

United States Court of Appeals, Tenth Circuit.

Jan. 24, 1972.

Richard L. Meyer, Asst. U. S. Atty., Topeka, Kan., for respondents-appellees.

Before LEWIS, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

Boyd Henson Campbell initiated this action seeking a declaratory judgment and injunctive relief. The district court denied the requested relief and this appeal followed.

█ The papers filed in the district court state that a detainer, issued from the Commonwealth of Virginia, was lodged with Campbell's custodian at the Leavenworth Penitentiary in January, 1971. Campbell alleges that he immediately requested disposition of the detainer in compliance with the Interstate Agreement on Detainers Act, Pub.L. 91–538, 84 Stat. 1397, and that no action was taken on his request.

Thereafter, in May, 1971, a Virginia official requested the temporary custody of Campbell for further proceedings on pending criminal charges upon which the detainer was based. Campbell refused to sign a document presented by his federal custodian notifying him of the Virginia charges and of his right to request final disposition thereof. The custodian also offered to deliver temporary custody of Campbell to the appropriate Virginia authorities. Campbell complains of these actions and that his request for disposition was not acted upon within 180 days.

The short answer to Campbell's contention that the authorities refused to act on his request is that the United States became a party to the Act by its enactment on December 9, 1970, to take effect on the ninetieth day after the date of its enactment, a date subsequent to the day Campbell claims he made his request. The other actions by the sovereigns appear to conform with the specific procedures outlined in the Act.

█ We also note that the Act provides for relief to a prisoner if the appropriate authority refuses or fails to accept temporary custody, or if not tried within specified periods. But the Act provides that:

" . . . the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect." Article V(c).

Clearly, Campbell's remedy under the Act is by application to the state court though, in a proper case, the federal court has jurisdiction to relieve a federal prisoner from the burden of a state detainer. Bedwell v. Harris, 451 F.2d 122 (10th Cir., 1971), and Trigg v. Moseley, 433 F.2d 364 (10th Cir. 1970).

Upon initial screening this case was assigned to the summary calendar but Campbell did not take the opportunity afforded him to address the underlying merits in a memorandum, though he has otherwise been in communication. We have now carefully and thoroughly reviewed the files and records in this cause and are convinced that denial of relief by the district court was proper, for the above reasons.

Affirmed.