**Dennis L. MOULTON, Petitioner,**

v.

**R. L. AARON, Warden, Sandstone Federal Correctional Institution, et al., Respondents.**

**No. 5–73 Civ. 29.**

United States District Court, D. Minnesota, Fifth Division.

April 21, 1973.

Melvin B. Goldberg, Minneapolis, Minn., for petitioner.

NEVILLE, District Judge.

This case comes before this court on the petition and motion of a federal prisoner for preliminary and permanent injunctions to enjoin the prison authorities from giving effect to a detainer placed on the petitioner by the Sheriff of Dallas County, Texas on September 22, 1971.

This court has jurisdiction on the subject matter of this case pursuant to Title 28 § 1361 as an action in the nature of mandamus to compel an officer of the United States to perform a duty owed to the plaintiff. This matter in effect is a traditional habeas corpus proceeding in a little different form which seeks to challenge as unlawful the incarceration of the Petitioner and/or the terms and condition thereof by virtue of a Texas detainer.

Petitioner's attorney asserts, and the petition alleges that the petitioner's whereabouts have been known to the Texas prosecuting authorities for over 20 months; that petitioner, his congressman, Rep. John N. Camp, respondent Carlson, the Director of the Bureau of Prisons, respondent Aaron, the Warden of Sandstone Federal Correctional Institution and the petitioner's institutional caseworker have all made inquiries of the Texas authorities asking whether it is intended to prosecute the underlying criminal charge; that despite extensive and repeated inquiry the petitioner has never received a direct answer from the Texas prosecutor; that others making inquiry on petitioner's behalf have been told only that the Texas prosecutor would like a jury trial. Further, no reply of any kind has been received to this court's order to show cause of February 12, 1973 directed to and received by the Texas authorities, nor to the amended pleadings and motion similarly served in this matter. The government's counsel asserts a neutral position, neither supporting or opposing the relief requested. As a result of the detainer the respondents, pursuant to their policy, are forced to hold the petitioner in close custody; they also deny him the right to participate in half-way house programs; and he is not eligible to participate in the Prison Industries program, although otherwise qualified.

Respondent Aaron, in a letter introduced by his counsel at the hearing has verified in part what the petitioner alleges in his complaint that the petitioner has "not avoided or refused to cooperate in the disposition of the case. In fact, he has tried to bring the issue to a head." Warden Aaron generally does not oppose the proposed relief in this matter, but feels constrained to honor a detainer, valid on its face, without an order to the contrary from this court.

Despite the somewhat unorthodox approach to the disposition of petitioner's problem, this court has both the jurisdiction to hear the cause and the power to grant relief. In Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed. 2d 1 (1967), the Court held that the Fourteenth Amendment made the Sixth Amendment guarantee of a "speedy and public trial" applicable to the states. Subsequently in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), the Court extended the right to speedy trial on state charges, granted in *Klopfer,* to prisoners in the custody of another sovereign. Invoking the Sixth Amendment the Court in *Hooey* held that:

"Upon the Petitioner's demand, Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the [appropriate court] for trial." Smith v. Hooey, 393 U.S. 374, 383, 89 S.Ct. 575, 579 (1969).

The District Court for the Northern District of Georgia has also dealt with a problem very similar to the instant case in Lawrence v. Blackwell, D.C., 298 F. Supp. 708 (1969). In *Lawrence* the petitioners were inmates of Atlanta Federal Penitentiary who faced State detainers. Relying on Smith v. Hooey the court said:

"When diligence is lacking, the prison authorities must then permit these prisoners to enjoy the privileges to which they would otherwise be entitled, absent the detainers." Lawrence v. Blackwell, 298 F.Supp. 708, 715 (1969).

More recently in Braden v. 30th Judicial Circuit Court of Kentucky, 409 U.S. 822, 93 S.Ct. 134, 35 L.Ed.2d 443 (Feb. 28,

1973), the Supreme Court reiterated its belief in the importance of the Sixth Amendment guarantees and in the applicability of the federal habeas corpus remedy in cases of constitutional deprivation.

While the Court did not hear any evidence, upon the facts presented by both the petitioner and the respondent, it would appear that the Texas authorities have made no diligent, good-faith effort to return the petitioner for trial even though they have known his whereabouts for over 20 months. It is rather clear that the petitioner suffers irreparable harm by virtue of the respondents' continuing adherence to its policy of enforcing detainers valid on their face without judicial instruction to the contrary. This court is cognizant of the fact that its order does not affect nor dismiss the underlying Texas charges; however, it is hoped that Texas will abide by the court's decision herein and will recognize that a motion to dismiss pursuant to the Sixth Amendment is proper. This court feels bound to give the petitioner such relief as it is capable of delivering in this situation. A separate order has been entered.