Robert Kenneth SCHOULTZ, Petitioner-Appellant,

v.

Warden Carl HOCKER, Nevada State Prison, et al., Respondents-Appellees.

No. 72-1734.

United States Court of Appeals, Ninth Circuit.

April 25, 1973.

Philip R. Weltin (argued), San Francisco, Cal., for petitioner-appellant.

Harley D. Mayfield, Deputy Atty. Gen. (argued), Evelle J. Younger, Atty. Gen., Edward A. Hinz, Jr., Chief Ass't Atty. Gen., Crim. Div., Sacramento, Cal., Robert List, Atty. Gen., Carson City, Nev., Doris H. Maier, Asst. Atty. Gen., Writs Section, Mark L. Christiansen, Deputy Atty. Gen., San Diego, Cal., for respondents-appellees.

Before CHAMBERS and WRIGHT, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

On June 24, 1971, the Petitioner-Appellant, Robert Kenneth Schoultz

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

(Schoultz), filed his pro per petition seeking 28 U.S.C. Sections 2241–2243 state habeas corpus relief (state habeas) in the United States District Court for the District of Nevada (Nevada District).

Schoultz alleges, inter alia, that:

On October 15, 1964, the Superior Court of the State of California for San Diego County (Superior Court) entered a judgment of conviction, upon his plea of guilty, of the crime of assault with a deadly weapon and sentenced him to the custody of California authorities;

He is currently in the custody of the Respondent-Appellee Warden Carl Hocker, Nevada State Prison, pursuant to a Nevada judgment of conviction and sentence entertd on or about May 8, 1969, and the Warden has accepted and holds a detainer issued by the California authorities following his violation of parole;

His plea of guilty to the California charge was not voluntarily and knowingly made and entered by him in that he was deceived and the plea coerced in various particulars set forth; and

Various proceedings were instituted in the California courts in an attempt to exhaust his state remedies for relief from the California conviction, without avail.

Schoultz does not allege nor contend any prejudice to his Nevada custody under the California detainer and seeks only to void and set aside the California judgment of conviction and sentence on United States Constitutional grounds.

On the date of filing, the Nevada District transferred the cause to the United States District Court for the District of Southern California (California District) under the rationale of Meadows v. New York, 426 F.2d 1176 (2nd Cir. 1970); contra, Ashley v. Washington, 394 F.2d 125 (9th Cir. 1968), George v. Nelson, 410 F.2d 1179 (9th Cir. 1969), affirmed, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970).

The California District in cause number 71–221–S ordered "that respondent file on or before August 13, 1971, a response to the" petition. California authorities did make and enter in the cause a response in defense.

On November 17, 1971, the California District concluded that Schoultz had failed to exhaust his available state remedies for the relief sought and denied the petition.

Schoultz appeals. We vacate the order denying the petition and remand the cause.

We add here, that subsequent to the date of the order denying the petition and pending appeal Schoultz sought further to vindicate his claims in the Superior Court without avail. We have examined a supplemental showing of those proceedings, but presently decline to advance any view or conclusion thereon. Thomas v. Teets, 205 F.2d 236 (9th Cir. 1953).

The California District had no opportunity to consider those proceedings and we deem it expedient for that District to have that opportunity in a reconsideration of its conclusion that Schoultz failed to exhaust his state remedies.

The State of California has advised us that it no longer has any interest in Schoultz as a result of the conviction in San Diego which the present action challenges. The detainer filed with Nevada has been dropped.

The established rule of this Circuit was otherwise; nevertheless, the Nevada District's reliance upon the rationale of Meadows, supra, is now vindicated, and the California District did not lack viable jurisdiction of this state habeas cause. Braden v. 30th Judicial Circuit Court of Kentucky, United States Supreme Court, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443, 1973.

Following remand, Schoultz should be granted leave to amend and supplement his petition to a further showing, if any there be, of an exhaustion of state remedies and necessary parties respondent.

The order denying the petition entered by the California District on No-

vember 17, 1971, in cause number 71–221–S, is vacated and the cause remanded for further consideration and order in light of Schoultz's actions subsequent to the California District's order. The California District should also consider the effect of the California discharge and any collateral consequences, if any, of that conviction.

Order vacated, and remanded.