Kenneth Eugene McEACHERN,
Petitioner-Appellant,

v.

J. D. HENDERSON, Warden, U. S. Penitentiary, Atlanta, Ga., et al.,
Respondents-Appellees.

No. 73–1867
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1973.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Kenneth E. McEachern, pro se.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Otis Lanter, Commonwealth

Atty., Lee Lanter, County Atty., Grant County, Williamstown, Ky., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before BELL, GODBOLD and GEE, Circuit Judges.

BELL, Circuit Judge:

The difficulty giving rise to the appeal in this case rests largely in the practice of the United States District Court of the Northern District of Georgia of treating as complaints letters from prisoners confined in the federal maximum security prison in Atlanta. See Freeley v. United States, 5 Cir., 1972, 465 F.2d 1403. This entire case stems from a single handwritten letter from petitioner, a federal prisoner, addressed to a federal district court judge. Over a month and a half after its receipt it was entered in the clerk's office as a formal complaint. Petitioner's letter seems to set out two complaints: first, that he had been denied his constitutional right to a speedy trial by Kentucky state authorities who had filed a detainer with federal prison officials based on an outstanding Kentucky felony warrant; and second, a request for an order expunging restrictions imposed on the petitioner at the federal prison solely as a result of the state detainer.[1]

The court proceeded to reach the correct result on the first aspect of the complaint. It concluded that after the petitioner's unsuccessful demand for a speedy trial to the Kentucky authorities, petitioner's remedy in order to attack the underlying criminal charge, or the basic validity of the detainer, on the constitutional speedy trial grounds, was to first exhaust his state remedies in Kentucky, and if unsuccessful, he could then petition for habeas corpus relief in federal district court in Kentucky. This

1. Petitioner asserted in his complaint that the detainer was restricting him in his attempt "to become rehabilitated, and in my efforts to obtain an academic and vocational education." For a detailed discussion of the detainer system its role in federal and state penal institutions, see Lawrence v. Blackwell, N.D.Ga., 1969, 298 F.Supp. 708; and the legislative history of the "Interstate Agreement on Detainers." 18 U.S.C.A. App., p. 105, in 3 U.S. Code Congressional and Administrative News, 91st Cong., 2d Sess., 1970, at p. 4864.

is the preferred practice in this circuit, Reed v. Henderson, 5 Cir., 1972, 463 F. 2d 485, and the Supreme Court recently said such procedures were the more desirable and convenient. Braden v. 30th Judicial Circuit Court of Kentucky, 1973, 410 U.S. 484, 93 S.Ct. 1123, 35 L. Ed.2d 443.

Here the prisoner contends that his complaint was misconstrued or misinterpreted by the district court in that he was also claiming relief against the restrictions imposed on him solely because of the state detainer. A system that substitutes letters for pleadings promotes this kind of difficulty. We could vacate and remand with direction that the district court require at least a formal complaint, but the case has reached the point where it is plain to us that the petitioner has attacked the restrictions allegedly imposed by federal prison authorities as a result of the state detainer. Moreover, petitioner's letter does in fact, as he argues, assert this additional ground.[2]

Neither this court in *Reed, supra,* nor the Supreme Court in *Braden, supra,* affected the distinction between a petitioner's habeas corpus attack on the *validity* of a state detainer on speedy trial grounds and a petition attacking the *effect* of a state detainer on speedy trial grounds. That distinction was most clearly drawn by the federal district court in the Northern District of Georgia in the landmark case of Lawrence v. Blackwell, N.D.Ga., 1969, 298 F. Supp. 708. Shortly thereafter, that court adopted formal procedures to handle petitions of federal prisoners attacking the effects of state detainers. Weiss v. Blackwell, N.D.Ga., 1969, 310 F.Supp. 360. See also Bedwell v. Harris, 10 Cir., 1971, 451 F.2d 122; Watson v. Norton, D.Conn., 1971, 335 F.Supp. 1324. *Reed* and *Braden* outline the procedures for the petitioner to challenge the validity of the detainer by attacking the underlying criminal charge on speedy trial grounds. *Lawrence* and *Weiss* detail the exemplary procedures of the federal district court for the Northern District of Georgia to relieve a federal prisoner of the effects of a detainer when the court finds lack of diligence and good faith by the demanding state authorities in securing petitioner's right to a speedy trial.

We therefore conclude that the case should be remanded for consideration of the second aspect of petitioner's *complaint*.

Affirmed in part, vacated in part, and remanded.

from this detainer restrictions [sic], and the removal of it from my record."

---

2. In the next to last paragraph of his letter, petitioner wrote, "Will you please treat this letter as the necessary petition for relief