**Charles J. PROCACCI, Petitioner-Plaintiff,**

v.

**Maurice SIGLER et al., Respondents-Defendants.**

**Civ. A. No. 1545-73.**

United States District Court, District of Columbia.

Nov. 13, 1973.

**6**

George P. Lamb, Jr., Washington, D. C., for petitioner-plaintiff.

Robert M. Werdig, Jr., Washington, D. C., for respondents-defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This suit is in the nature of an application for a writ of habeas corpus, or in the alternative, for a writ of mandamus for declaratory and injunctive relief. The defendants have challenged the jurisdictional basis for this suit in their motion to dismiss. The Court, therefore, permitted discovery relating to the questions of venue and jurisdiction.

The Petitioner-Plaintiff in his discovery efforts has requested (1) an order in aid of discovery relating to venue and jurisdiction; (2) a request for documents and illumination of the area of inquiry of proposed depositions; (3) oral depositions of the three defendants in the case: Norman A. Carlson, Director of the United States Bureau of Prisons, Maurice Sigler, Chairman of the United States Board of Parole, and the Attorney General of the United States; and (4) documents pursuant to subpoenas duces tecum. The defendants now seek a protective order to prevent the depositions and to quash the subpoenas duces tecum.

The defendants have not shown "good cause" as required under Rule 26(c) of the Federal Rules of Civil Procedure as to why a protective order should issue. The Court would permit the Plaintiff-Petitioner to take the depositions except for the fact that it is unnecessary in this case. The sole purpose of the depositions was to provide evidence of jurisdiction and venue. This Court has the jurisdiction over the subject matter, and this is the proper venue for the prosecution of this suit.

The Petitioner-Plaintiff, Charles Procacci, was convicted of a federal and state (Florida) offense for interstate transportation of stolen securities. He is now serving a three-year sentence on

his first conviction. He was incarcerated at Texarkana, Texas under maximum security. Due to his good behavior during his prison term, his classification has been down-graded from maximum to minimum security. He applied to the Board of Parole for a parole, or in the alternative for a transfer to the Eglin Air Force Base Federal Prison Camp, a minimal security prison in Florida, his home. The Parole Board sitting *en banc* in Washington, D.C., denied his requests. The Board did not provide any reasons for the denials. The Board did state, in response to an inquiry from Mr. Procacci's Congressman, that "Eglin is a minimum security facility designed to accomodate persons serving relatively short sentences and those not believed to be a security risk. We have reviewed Mr. Procacci's situation carefully, but *because of his offense and prior record,* we do not believe he should be placed in the camp at this time." (Emphasis added)

■■ The long standing debate as to the proper jurisdiction and venue for a habeas corpus proceeding has been settled by the recent Supreme Court decision in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973). *Braden* held that 28 U.S.C. § 2241's restriction of a district court's habeas corpus authority to "their respective jurisdictions" did not invariably require the physical presence of the petitioner within the territorial limits of the district. The decision set to rest the contrary interpretation which emanated from Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). So long as the prisoner's custodian[1] can be reached by service of process, the Supreme Court concluded, the district court could issue a writ "within its jurisdiction."

In reviewing its decision in *Ahrens,* the Court indicated that its concern in *Ahrens* which had been interpreted as imposing a severe jurisdictional limitation on habeas petitions, lay not with the question of jurisdiction, but with the more practical question of venue. In *Braden,* the Court indicated that once the custodian is served, the question is no longer jurisdictional, but is one of the most convenient forum. The most convenient forum in the Court's view was that forum in which the factual and legal issues could be resolved with the least expense, travel, and the greatest access to the necessary information.

■ In this case, the District Court of the District of Columbia has service on the proper "custodian" and is the most convenient forum. The decision to deny parole and the request for a transfer was made by the Board of Parole, sitting *en banc* in the District of Columbia. The decision was made here, the decision makers are here, as well as any information the decision makers may have relied upon in making their determination. There would be less expense and travel involved if the issues were resolved here than in transferring the action to Texarkana, Texas. This is particularly so in this case, since there is evidence that the government has *sua sponte* transferred the petitioner-plaintiff to several different prisons since this suit was filed.

As to the motion to quash the subpoenas duces tecum, the Court considers the question moot. The parties may proceed with their discovery as to the merits of the case. In accord with the motion for expedited discovery, and this Court's discretionary power under Rule 34(b) F.R.Civ.P., the defendants shall have ten (10) days to respond to any and all requests of the Petitioner for answers to interrogatories or for the production of documents.

---

1. The custodian is the individual making the decision to keep the petitioner in custody.