**Frederick D. GRAHAM**

v.

**COMMONWEALTH OF PENNSYLVA-
NIA ex rel. Jess D. COSTA, District At-
torney, Washington County, Pa., and
James O. Roupe, Warden, Washington
County Jail, Pa., et al.**

Civ. A. No. 73–885.

United States District Court,
W. D. Pennsylvania.

Dec. 18, 1973.

David Gilmore, Washington, Pa., for petitioner.

Jess D. Costa, Dist. Atty., Washington County, Washington, Pa., for respondents.

MEMORANDUM AND ORDER

SNYDER, District Judge.

Petitioner was serving a sentence at Lewisburg Federal Penitentiary when, on March 27, 1973, he was notified that a detainer had been lodged against him by the District Attorney of Washington County, Pennsylvania.[1] On March 29, 1973, he requested the District Attorney that a final disposition be made of the indictment pending against him.[2] This request was made under Article III of the Interstate Agreement on Detainers (19 Pur.Stat.Pa. § 1431).[3]

1. On March 26, 1973, Petitioner was sentenced to 10 years imprisonment for violations of 18 U.S.C. § 2113(a) and (d) (Bank Robbery Statute) and could become eligible for parole under 18 U.S.C.A. § 4208(a)(2) at such time as the Board of Parole may determine.

2. The indictment in Washington County charges the Petitioner (defendant) with Armed Robbery.

3. 19 Pur.Stat.Pa. § 1431, Agreement and Procedure, Article III reads as follows:

"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole

Petitioner was transferred under temporary state custody on September 5, 1973 to Washington County and was notified by the Public Defender's Office there that criminal trials would commence on September 10, 1973; at the present time Petitioner is still incarcerated in the Washington County Jail awaiting trial. In his Petition for Writ of Habeas Corpus he sought a temporary restraining order to prevent further prosecution by the Washington County Court. The Court appointed counsel and an evidentiary hearing was held on November 1, 1973. The sole defense by the District Attorney's Office was that this was not a case that should be handled by the Federal Courts. Although we sympathize with the Petitioner, we must dismiss his Petition for Writ of Habeas Corpus.

Petitioner's complaint, simply stated, is that since the Commonwealth has failed to bring him to trial within 180 days after he gave notice to the Washington County Court of his place of imprisonment and his desire for a speedy trial, the indictments against him should be declared void and a writ of habeas corpus granted. This same issue arose in the case of United States ex rel. Bennett v. Rundle, 419 F.2d 599 (3rd Cir. 1969). There the Court per Judge Freedman held:

"Relator's contention that his state trial was held too late is founded on the Act of June 28, 1957, P.L. 428, providing for the disposition of detainers lodged against prisoners. The statute provides that whenever an untried indictment is pending in the Commonwealth against a person imprisoned in a correctional institution of Pennsylvania, 'he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for final

eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

(c) The warden, commissioner of corrections or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information or complaint on which the detainer is based.

(d) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed. The warden, commissioner of corrections or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state to which the prisoner's request for final disposition is being

sent of the proceeding being initiated by the prisoner. Any notification sent pursuant to this paragraph shall be accompanied by copies of the prisoner's written notice, request, and the certificate. If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

(e) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall also be deemed to be a waiver of extradition with respect to any charge or proceeding contemplated thereby or included therein by reason of paragraph (d) hereof, and a waiver of extradition to the receiving state to serve any sentence there imposed upon him, after completion of his term of imprisonment in the sending state. The request for final disposition shall also constitute a consent by the prisoner to the production of his body in any court where his presence may be required in order to effectuate the purpose of this agreement and a further consent voluntarily to be returned to the original place of imprisonment in accordance with the provisions of this agreement. Nothing in this paragraph shall prevent the imposition of a concurrent sentence if otherwise permitted by law."

disposition to be made of the indictment * * *. The request of the prisoner shall be accompanied by a certificate of the warden * * * or other official having custody of the prisoner,' giving the terms of his commitment, the time served and to be served and certain other relevant facts. The prisoner's demand for trial 'shall be given or sent by the prisoner to the warden * * * or other official having custody of him, who shall promptly forward it (together with the certificate) to the appropriate District Attorney and the court * * *.' The Act then provides: 'In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.'

Relator delivered his request for trial to the prison authorities on Friday, March 26, 1965. It was forwarded and delivered to the District Attorney on Monday, March 29, 1965. Relator's trial began on September 23, 1965, which was 181 days after he delivered his request to the prison authorities but 178 days from the time it was delivered to the District Attorney. The state trial court held that the 180 day period was to be computed from the date of the delivery of the notice to the District Attorney. The Pennsylvania Supreme Court's per curiam affirmance implicitly approved this conclusion. Relator's claim on this interesting question of statutory construction amounts to no more than a disagreement with the state courts' resolution of a state law problem. It does not present a federal question, for there is no claim that relator is 'in custody in violation of the Constitution or laws or treaties of the United States' 28 U.S.C. § 2254(a). We therefore would not have authority to grant relief even if we disagreed with the state courts' construction of the statute." See also United States ex rel. Krenkowitz v. Rundle, 317 F.Supp. 1378 (E.D.Pa.1970).

There is no doubt that a state remedy for his allegations exists under 19 Purdons Statutes Sections 881 and 882,[4] on

---

4. The relevant statutes are:

"§ 881. *Request by prisoner for disposition of indictment*

(a) Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional institution of this Commonwealth, and whenever during the continuance of the term of imprisonment there is pending in this Commonwealth any untried indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden, superintendent, commissioner of correction or other official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, if any, the time of parole eligibility of the prisoner, and any decisions of the Pennsylvania Board of Parole relating to the prisoner.

(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, superintendent, commissioner of correction or other official having custody of him, who shall promptly forward it (together with the certificate) to the appropriate District Attorney and the court by registered or certified mail, return receipt requested.

(c) The warden, superintendent, commissioner of correction or other official having custody of the prisoner shall promptly inform him, in writing, of the source and contents of any untried indictment against him concerning which the warden, superintendent, commissioner of correction or other official has knowledge and of his right to make a request for final disposition thereof.

(d) Escape from custody by the prisoner subsequent to his execution of the request for final disposition referred to, in paragraph

the authority hereinabove cited. A copy of this Memorandum and Order will be sent to the Public Defender's Office in Washington County so that they might aid Petitioner in presenting the issues raised here before the Common Pleas Court of Washington County concerning his indictment at Criminal Action No. 398, October 1972 Term. *Cf.* Commonwealth v. Bell, 442 Pa. 566, 276 A.2d 834 (1971); and Commonwealth v. Klimek, 416 Pa. 434, 206 A.2d 381 (1965).

Further, if the Washington County Court has not ruled on the motion until the time of trial, the procedure utilized in Estep v. Commonwealth of Pennsylvania, Civil Action No. 73–855 (W.D. Pa.1973) would be available. In *Estep*, a detainer was lodged against the petitioner on February 20, 1971 with the Michigan prison authorities based on a 1968 Washington County Indictment charging assault with intent to kill, burglary, larceny and aggravated assault and battery. On February 24, 1971, petitioner demanded pursuant to 19 Purdons Statutes 1431, that he be brought to trial within 180 days. No attempt was made to bring the petitioner there to trial by the Pennsylvania authorities until February 8, 1972. In *Estep*, Judge Knox of this court held:

"It appears that petitioner has prior to this action filed a motion in the Washington County court to dismiss the indictment. This motion was denied, although petitioner apparently received no notice of its disposition. On February 21, 1972, petitioner filed a petition for a writ of mandamus in the Pennsylvania Superior Court, naming the trial judge respondent and alleging a deprivation of due process. This petition was denied March 27, 1972.

Petitioner then sought habeas corpus relief in the Western District of Michigan, Northern Division, but that court denied relief for lack of jurisdiction. Finally, on August 14, 1972, petitioner obtained a writ of mandamus in the Michigan Court of Appeals, ordering Michigan prison authorities to 'hold for naught' the Pennsylvania detainer. The District Attorney of Washington County represents to this court that he received no notice of those proceedings.

Under Braden v. Thirtieth Judicial Circuit Court, [410] US [484], 35 L ed 2d 443, 93 S Ct [1123] (1973), this court clearly has jurisdiction over the parties. In Braden, the petitioner, serving a sentence in Alabama successfully obtained jurisdiction in Kentucky to challenge a Kentucky detainer lodged against him on the basis of a Kentucky indictment. The Supreme Court upheld jurisdiction noting:

'So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the petitioner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.' [93 S.Ct. 1123] 35 LEd 2d 453.

Nor does this court lack jurisdiction for failure of the petitioner to exhaust state remedies. Petitioner filed a motion in the trial court to dismiss the indictment. He then filed a petition for writ of mandamus in the Pennsylvania Superior Court naming the judge of Washington County respondent. When this was denied, the Prothonotary of the Superior Court informed petitioner by letter that he had exhausted his state remedies.

Exhaustion of state remedies is not an absolute requirement. The court

(a) hereof shall void the request. 1957, June 28, P.L. 428, § 1."

"§ 882. *Dismissal of indictment for failure to bring action to trial*

In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment be of any further force or effect, and the court shall enter an order dismissing the same with prejudice. 1957, June 28, P.L. 428, § 2."

may grant relief 'where there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.' 28 U.S.C. 2254(b). Fay v. Noia, 372 US 391, [83 S.Ct. 822] 9 L ed 2d 837 (1963), established that the exhaustion of state remedies provision refers only to those remedies in existence at the time petitioner makes his contention. The doctrine is not applicable to remedies that were open to the petitioner in the past but are no longer, unless a deliberate bypass of state remedies is shown.

Petitioner does not appear to have any effective state remedies presently available. Thus, whether or not petitioner would normally be required to pursue his claim through a petition for allocatur in the Pennsylvania Supreme Court (a procedure in which the court has discretionary jurisdiction), here where the petitioner has been led to believe by the Commonwealth that that procedure is unnecessary, it would be unjust to deny jurisdiction now when petitioner's time for appeal has elapsed.

Petitioner grounds his claim for relief on both 19 P.S. 1431, and the constitutional right to a speedy trial. The Pennsylvania Statute requires that a prisoner be brought to trial within 180 days after demand when a detainer has been lodged against him. This court may, however, consider only those grounds for relief predicated on violation of the 'Constitution or Laws or Treaties of the United States'. 28 U.S.C. 2254(a). Even if petitioner is entitled to relief under 19 P.S. 1431, this court is not an appropriate forum. US ex rel. Bennett v. Rundle, 419 F.2d 599 (3d cir 1969) (regarding similar provision under 19 P.S. 881)."

As stated in United States ex rel. Krenkowitz v. Rundle, *supra*, (317 F. Supp. at page 1383):

"If there were ever a case of an individual's attempts to secure a speedy disposition of charges outstanding against those attempts, this is the case. The particular problem in this case—a prisoner in one jurisdiction with charges outstanding in another jurisdiction—is one that has plagued for many years the due administration of criminal justice. In Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1968), the Supreme Court 'put to rest a frequently criticized but widely held view that a state bringing charges against a prisoner confined by another state or the Federal Government need make no effort to prosecute him until he is released from custody.' In *Smith,* the Court held that upon demand of a prisoner confined in another jurisdiction a state has 'a constitutional duty to make a diligent, good-faith effort to bring him' to trial. 393 U.S. at 383, 89 S.Ct. at 579. Unfortunately for relator these salutary rules were not in existence at the time of the inception of his prosecution. There was in effect, however, the Interstate Compact on Detainers. Yet, the beneficial effect of the Compact's provisions was thwarted by the Commonwealth. It is just such an attitude by the state prosecuting authorities which make necessary Supreme Court decisions such as Smith v. Hooey, *supra*, and Dickey v. Florida, *supra.*"

■ From the present state of the record, we believe that state remedies are available to the Petitioner in the instant case. This Court, therefore, will deny plaintiff's Petition for Writ of Habeas Corpus.

An appropriate order will be entered.

## SUPPLEMENTAL MEMORANDUM AND ORDER OF COURT

■ Simultaneous with the filing of the original Memorandum and Order in this case, this Court received a letter from the District Attorney's Office in Washington County explaining what actions had been taken on petitioner's claim for relief in the State Court. Re-

lying on United States ex rel. Bennett v. Rundle, 419 F.2d 599 (3rd Cir. 1969); United States ex rel. Krenkowitz v. Rundle, 317 F.Supp. 1378 (E.D.Pa. 1970) this Court can not alter the interpretation of the Interstate Compact on Detainers, i. e., 19 P.S. § 1431, as applied in the Pennsylvania Courts, even if this Court disagreed with such interpretations or application by the State Court, the Petition still must be dismissed. However, the remedies indicated in our original Memorandum are still available to the Petitioner. See Estep v. Commonwealth of Pennsylvania, Civil Action 73–855 (W.D.Pa. 1973).

For the above reasons and after due consideration of the letter received December 18, 1973 from the District Attorney's Office in Washington County, the Petition for Writ of Habeas Corpus must be dismissed.