Leroy **BAITY**, Petitioner,

v.

Dr. P. J. **CICCONE**, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

**Civ. A. No. 74CV109–S–WHB.**

United States District Court, W. D. Missouri, S. D.

June 20, 1974.

Raymond C. Conrad, Jr., Asst. Federal Public Defender, Springfield, Mo., for petitioner.

Charles B. Faulkner, Asst. U. S. Atty., Springfield, Mo., for respondent.

AMENDED ORDER OVERRULING PETITIONER'S EXCEPTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE AND FINAL JUDGMENT DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Pursuant to the governing law and in accordance with Section B.1b.(5) of Local Rule 26 of the United States District Court for the Western District of Missouri, the United States Magistrate has submitted to the undersigned District Judge a report and recommenda-

tion that the petition herein for a writ of habeas corpus be dismissed without prejudice.

Following the filing of a motion for an extension of time and the grant thereof by order of March 16, 1974, petitioner filed herein on March 21, 1974, his *pro se* exceptions to the report and recommendation of the United States Magistrate.

Upon filing the petition, petitioner was accorded an immediate preliminary evidentiary hearing before the Magistrate at the United States Medical Center for Federal Prisoners on February 27, 1974. Petitioner appeared personally at that hearing and by his appointed counsel. Based on the evidence adduced at that hearing, the Magistrate made proposed findings of fact and concluded that the petition herein should be dismissed without prejudice to any relief which the petitioner may desire to seek from the Attorney General of the United States and to petitioner's raising his claims in the courts of the State of Colorado, and the United States district and appellate courts in Colorado.

■ Petitioner seeks to enjoin the respondent from honoring any request by Colorado authorities to relinquish temporary custody of petitioner in order that petitioner may be tried on pending Colorado State charges. That request for injunctive relief is based on petitioner's contention that " . . . the State of Colorado has denied him the right to a speedy trial, due process of law, and has lost and forfeited its legal right to trial for lack of prosecution." For reasons set forth hereinafter, it is concluded that granting the relief which petitioner seeks is beyond the power of this Court, and that this Court is without jurisdiction to determine on the merits the petition herein for a writ of habeas corpus.

Petitioner does not in this action challenge any effects suffered by him in this district because of the pending Colorado detainer. In addition, he states that he " . . . does not seek at this time to litigate a federal defense to a criminal charge, but merely demonstrates that the 'requesting state' has so consistently and flagrantly and willfully violated the Constitutional and Statutory rights of the petitioner as to nullify its right to obtain 'temporary custody' of petitioner at this late date." In support of this contention, petitioner generally relies on the recent decision of the Supreme Court of the United States in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

■ In the *Braden* case, the Supreme Court held, under the facts presented therein, that a state holding a prisoner in immediate confinement acts as an agent for another state which has lodged a detainer against the prisoner with the custodial state, thereby enabling a prisoner in a custodial state to challenge, by means of federal habeas corpus proceedings, a detainer lodged against him by another state in which an untried criminal charge is pending.[1] In so holding, the Supreme Court made ambiguous and sometimes contradictory statements on concurrent jurisdiction and propriety of venue without expressly stating whether such venue and concurrent jurisdiction considerations applied only to the partic-

---

1. The precise holding and conclusions in the decision in the *Braden* case have been given diverse interpretations by circuit and district courts. The position of most circuit courts after the *Braden* decision with respect to the traditional dichotomy between challenges by means of federal habeas corpus to a charge on which a detainer is based, as opposed to any adverse effects of a detainer on a prisoner's conditions of confinement, has remained unchanged. *See, e. g.*, Mc-

Eachern v. Henderson, 485 F.2d 694 (5th Cir. 1973); Shelton v. Meier, 485 F.2d 1177 (9th Cir. 1973). In contrast, district courts appear to have concluded that the *Braden* case abolished this dichotomy and most other habeas corpus jurisdictional barriers. *See, e. g.*, Norris v. State of Georgia, 357 F.Supp. 1200 (W.D.N.C.1973); Graham v. Commonwealth of Pennsylvania ex rel. Costa, 368 F.Supp. 846 (W.D.Pa.1973); Procacci v. Sigler, 61 F.R.D. 5 (D.D.C.1973).

ular facts presented in the *Braden* case itself.[2] The Supreme Court failed to distinguish whether the concurrency of jurisdiction and venue spoken of concerned challenges, by means of federal habeas corpus, to the untried criminal charge on which a detainer is based or challenges by means of federal habeas corpus to the adverse effects of a detainer.

■ It appears to be well settled that a prisoner may challenge any adverse effects suffered by him in his confinement in one state because of a· pending detainer requested by another state, by filing a petition for a writ of habeas corpus in the federal district court for the district wherein a prisoner is confined. Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970); Bedwell v. Harris, 451 F.2d 122 (10th Cir. 1971).

In contrast, it appears that a prisoner seeking to challenge, by means of federal habeas corpus, the validity of an untried criminal charge on which a detainer is based (as opposed to any effects on conditions of confinement), must file his petition in the federal district court for the district wherein the charge is pending. McEachern v. Henderson, 485 F.2d. 694 (5th Cir. 1973); Williams v. Commonwealth of Pennsylvania, 315 F.Supp.

1261 (W.D.Mo.1970); *but see*, Norris v. State of Georgia, 357 F.Supp. 1200 (W. D.N.C.1973). Nothing which has since been stated in the *Braden* decision is contrary to this rule.

■■ Thus, the concurrency of jurisdiction which is referred to in the *Braden* case must necessarily be considered as (1) jurisdiction in the state or district of confinement to adjudicate the allegedly illegal effects of the detainer on conditions of confinement there, and (2) jurisdiction in the state or district where the charges are pending to adjudicate either the question whether the pending charge is valid (because invalidation of the charge automatically removes the detainer) or whether the effects are legal, or both.[3]

■ Furthermore, in order to possess jurisdiction in a case involving a challenge to an untried criminal charge on which a detainer is based, a federal district court must possess the power to grant relief, which would entail possessing the power to direct *in personam*, that the pending charge be dismissed. However, a federal district court in the state and district of confinement simply has no state officer within its jurisdiction whom it can direct to dismiss the pending charges, and there is no way of enforcing any writ to that effect which

2. In Brager v. State of Missouri, 367 F. Supp. 752 (W.D.Mo.1973), this Court held that, under Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), jurisdiction existed to consider a petition for a writ of federal habeas corpus by a federal prisoner in custody in the United States Penitentiary at Terre Haute, Indiana, who sought to challenge a Missouri State conviction upon which a detainer had been based. In so holding, this Court noted in the form of *dictum*, that concurrent jurisdiction might exist in the situation entailing a challenge, by means of federal habeas corpus, to a pending untried criminal charge on which a detainer is based. In that connection, this opinion overrules any statements and conclusions made in the *Brager* case with respect to the effect of the *Braden* opinion on situations involving challenges to pending untried criminal

charges on which a detainer is based. Jurisdiction does not exist in the state and district of confinement to invalidate or dismiss, by means of federal habeas corpus, a prosecution pending and untried in another state and federal district. The *dictum* in the *Brager* case is expressly disapproved.

3. Thus, while a permissive transfer under Section 1406(a), Title 28, United States Code, from the district of confinement to the district where the charge is pending may be proper when the petitioner does not allege or contend that he has suffered any prejudice to his custody under the detainer, Schoultz v. Hocker, 478 F.2d 842, 843 (9th Cir. 1973), a transfer from the district where the charge is pending may, under the same circumstances, be improper either under Section 1406(a) or Section 1404(a), Title 28, United States Code.

might be issued.[4] It is true that in Norris v. State of Georgia, 357 F.Supp. 1200 (W.D.N.C.1973), a federal district court in North Carolina purported to issue an order directing the State of Georgia and the State of Louisiana to show cause why they " . . . should not be permanently restrained from prosecution of the charges underlying the detainers." Norris v. State of Georgia, 357 F.Supp. 1200, 1205 (W.D.N.C.1973). However, it is not apparent how such an injunction, if issued, could be enforced in the absence of *in personam* jurisdiction over the state officers. In addition, the issuance of such an order appears contrary to the statement by the United States Supreme Court in the *Braden* case, that one " . . . cannot assume that Congress intended to require the [demanding state or sovereign] to defend its action in a distant State. . . . " Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 499, 93 S.Ct. 1123, 1132, 35 L.Ed.2d 443, 455 (1973).

The relief grantable in habeas corpus by a federal district court in the district of confinement is limited to relieving a prisoner of any adverse effects on the conditions of his confinement as a result of a detainer request. In such a case, a federal district court may enter an order directing that the prisoner's custodian promptly notify the demanding state that the prisoner should be tried within a designated period of time, and that in default thereof, the custodian will be directed to remove the detainer, except for notice purposes.[5] *See,*

4. The jurisdictional limitations on the power to grant relief by a federal district court in the state of confinement, with respect to an untried pending criminal charge in another state on which a detainer has been based and lodged with a prisoner's custodian, was somewhat recognized in the case of Moulton v. Aaron, 358 F.Supp. 256 (D.Minn.1973). There, the federal District Court treated the petition of a federal prisoner, who sought to preliminarily and permanently enjoin the Minnesota federal prison authorities from giving effect to a detainer based on a pending charge in the State of Texas, as an action in the nature of mandamus to compel an officer of the United States to perform a duty owed to the prisoner. Jurisdiction was premised on Section 1361, Title 28, United States Code. The Court held that petitioner was entitled to relief, although the particulars of that relief are not stated in the opinion. However, in so holding, the Court recognized the limitations on its powers, stating as follows:

" . . . this court is cognizant of the fact that its order does not affect nor dismiss the underlying Texas charges; however, it is *hoped* that Texas will abide by the court's decision herein and will recognize that a motion to dismiss pursuant to the Sixth Amendment is proper. This court feels bound to give the petitioner such relief as it is capable of delivering in this situation. A separate order has been entered." Moulton v. Aaron, 358 F.Supp. 256, 258 (D.Minn.1973). (Emphasis added.)

5. In the recent cases of Calvin v. Ciccone, Civil Action No. 74CV168–S–WHB–R, Fair

v. Ciccone, Civil Action No. 74CV260–S–WHB, Henley v. Ciccone, Civil Action No. 74CV239–S–WHB, and Wingo v. Ciccone, Civil Action No. 74CV240–S–WHB–R, all of which were consolidated, this Court entered a final judgment on June 19, 1974, granting the following relief to the petitioners:

"ORDERED and ADJUDGED that the petitions herein for writs of habeas corpus be, and they are hereby, granted and the respondent is accordingly directed to cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction in the Commonwealth of Massachusetts immediately and forthwith, adequate notification that the petitioner Willie James Calvin must be brought to trial within sixty days of the receipt of that notification, provided that, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary and reasonable continuance. In default of bringing petitioner Willie James Calvin to trial, as directed herein and under the conditions stated herein, the detainer based on the Massachusetts charges should be removed, except for notice purposes. Respondent is further directed to promptly and immediately give formal written notice of the source and contents of any detainer lodged against any of the remaining named petitioners herein and, at the same time, to notify them in writing of their respective right to make a request for final disposition and speedy resolution of the indictment, information, or complaint on which the detainer is based, by filing a written

558

Hamilton v. Ciccone, Civil Action No. 74CV6–S–WHB (W.D.Mo. March 21, 1974); *see also,* Williams v. Lockhart, 489 F.2d 308 (8th Cir. 1973). Although the above-noted limited habeas corpus relief must concern any adverse effects on a prisoner's conditions of confinement, the practical effect of such relief is that the federal district court in the district of confinement may indirectly exert a power of persuasion that the demanding state promptly bring a prisoner to trial. In this respect, it is possible that a prisoner seeking to challenge in a federal district court in the district of confinement any adverse effects on the conditions of his confinement as the result of a detainer, may also be demanding indirectly the " . . . enforcement of the [demanding state's] affirmative constitutional obligation to bring him promptly to trial. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969)." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–490, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443, 449 (1973). To that end, a federal district court in the district of confinement and a federal district court in the demanding state somewhat possess a form of limited concurrent jurisdiction to make the prisoner available for trial.

However, the former court's powers are jurisdictionally limited to the relief noted above. This conclusion is notably correct with respect to this circuit in light of the recent statement by the United States Court of Appeals for the Eighth Circuit in Williams v. Lockhart, 489 F.2d 317 fn. 17 (8th Cir. 1973). There, the Court of Appeals concluded that, even if a detainer is removed, the federal district court in the district of confinement cannot prevent a prisoner's custodian from notifying the demanding state of the prisoner's release date. The necessary implication of this conclusion is that the federal district court in the custodial state does not have the power to invalidate charges underlying a detainer from another state which requests a detainer.

Clearly, the exercise of jurisdiction to consider a challenge, by means of federal habeas corpus, must be made in the state and district from which the detainer issued and in which the underlying criminal charge is pending. To conclude otherwise would be inconsistent with the rationale of the *Braden* case, the clear mandate of the United States Court of Appeals for the Eighth Circuit in the *Williams* case, and with sound judicial administration. The reasons that this is

motion therefor with the appropriate prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction, therein stating the place of his confinement and his request for final disposition and speedy resolution of the indictment, information, or complaint, and serving a copy of the motion upon the respondent or his authorized delegate (to be designated in the same writing as that by which the prisoners are notified of the pending detainer) within fifteen days of the issuance of the notice; and the respondent is further directed that, if the named petitioners do serve the requisite copy of the motion within fifteen days upon the respondent or his authorized delegate, then within three days of that service, the respondent or his authorized delegate shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction, written notification accompanied by copies of the petitioner's motion, that the petitioner must be brought to trial

within ninety days (one hundred and eighty days in the case of the petitioner Wingo) of the receipt of that notification, provided that, for good cause shown in open court, the petitioner or his counsel being present, the court having jurisdiction of the matter may grant any necessary and reasonable continuance. In default of bringing the petitioner to trial as directed herein and under the conditions stated herein, the detainer on which the charges are based will be removed, except for notice purposes. The filing and service of the motion requesting final disposition and speedy resolution of the charges on which the detainer is based shall also constitute a consent by the petitioner to the production of his body in any court where his presence may be required in order to effectuate the purposes of this final judgment and the mandate of this Court, and a further consent voluntarily to be returned to the United States Medical Center for Federal Prisoners at Springfield, Missouri. . . . "

true are: (1) all material witnesses, documents and records will generally be located at or near the district in the demanding state; (2) the expense and difficulty of transporting records, parties respondent and witnesses to the custodial state will generally be excessive and intolerable; (3) the trial judge in the court in which the charge is pending will be better informed about the prisoner, facts, historical background and governing law concerning any pending charge or charges and will generally be better qualified to adjudicate the claims for relief; (4) a federal district court in the custodial state does not have the power to invalidate or compel dismissal of state charges pending in another district on which a detainer is based; (5) a federal district court in the custodial state has no effective injunctive power to continuously and finally enjoin the prosecution and trial of the prisoner on the state charges pending in another district; (6) traditional principles of federal-state comity directly conflict with the exercise of jurisdiction by the custodial federal district court with respect to charges pending in another district and state; (7) federal district courts in districts encompassing federal penal institutions would be deluged with petitions for federal habeas corpus by prisoners seeking to finally enjoin or accelerate the prosecution and trial of state prosecutions in other districts on which detainers had been filed with local federal penal or medical facilities; and (8) permitting such attacks in federal district courts in custodial districts would constitute unjustifiable interference in an improper and inconvenient federal district court without power and jurisdiction to compel obedience to its grant of relief.

With respect to the facts presented in the case at bar, clearly the only jurisdiction in which petitioner may raise his claims for relief by means of a petition for federal habeas corpus is in the appropriate federal district court in the State of Colorado. However, the exercise of jurisdiction to determine the merits by the appropriate federal district court in the State of Colorado may not presently be proper for the record presented does not indicate that petitioner has exhausted any available state remedies within the State of Colorado, or shown such remedies to be inadequate or ineffective. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–490, 93 S.Ct. 1123, 35 L.Ed.2d 443, 449 (1973); *McEachern v. Henderson*, 485 F.2d 694, 695 (5th Cir. 1973); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973).

In his petition herein, petitioner refers to an attached "Exhibit C" which appears to be a *pro se* motion to dismiss the charges in Colorado. The motion is dated January 16, 1974. There is no indication of any disposition thereof. Petitioner otherwise does not state that he has "repeatedly demanded that he be brought to trial," *Smith v. Hooey*, 393 U.S. 374, 377, 89 S.Ct. 575, 576, 21 L.Ed.2d 607, 611 (1969), nor does he contend that he has filed a motion in the trial court for a speedy trial or dismissal, or for a writ of *habeas corpus ad prosequendum*. He does not state that he has sought review, after any adverse decision, in the state court of last resort by appeal, successive petition for habeas corpus, or petition for mandamus or other extraordinary writ. In the absence of exceptional circumstances, not stated to be present in the case at bar, only when the Colorado courts have ruled adversely to petitioner on the merits of his present contentions can any currently available, effective and adequate state remedies be deemed exhausted for purposes of federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky, supra*; *McEachern v. Henderson, supra*; *Fain v. Duff, supra*; *Williams v. Commonwealth of Pennsylvania*, 315 F.Supp. 1261, 1264 (W.D.Mo.1970).

Petitioner's case is further without legal or factual support with respect to any contentions raised by him under the Interstate Agreement on Detainers Act, Public Law 91–538, 84 Stat. 1397, 1 U.S.

Code Congressional and Administrative News, page 1630 (1970), Appendix, Title 18, United States Code, to which the State of Colorado is a signatory.

The record reveals that a detainer in favor of the State of Colorado has been filed with the Bureau of Prisons since at least September 27, 1973. Petitioner states in his exceptions that he was given notice of said detainer by authorities at the Federal Correctional Institution at Texarkana, Texas, while petitioner was in custody in that penal institution. However, petitioner states that the Texarkana authorities never advised him of his right to request disposition of the charges.

The record is somewhat unclear whether the Medical Center notified petitioner of the detainer. However, petitioner asserts that the Bureau of Prisons and the respective authorities at Texarkana and at the Medical Center have failed to effectively notify him ". . . of his right to request final disposition of the charges."

On January 25, 1974, the records custodian at the Medical Center received a request pursuant to Article IV(a) of the Interstate Agreement on Detainers from the State of Colorado for temporary custody of petitioner for the purpose of bringing petitioner to trial on the Colorado pending charge of "failure to appear."

■■■■ The record reveals that petitioner has not presented a request pursuant to Article III of the Interstate Agreement on Detainers that final disposition be made of the pending Colorado charge. However, the record is unclear whether petitioner was promptly notified of the pendency of the detainer and his right to request a final disposition of the charges as required by Article III(c). Admittedly, such an omission on the part of petitioner's custodian, if it occurred, cannot be condoned.

However, even assuming that petitioner was not promptly notified, he must raise his present contentions and seek relief in the appropriate court of the jurisdiction where the charge is pending as intimated by Article V(c) of the Interstate Agreement on Detainers. Campbell v. Commonwealth of Virginia, 453 F.2d 1230, 1231 (10th Cir. 1972).

The injunctive relief which petitioner seeks herein is not authorized under the Interstate Agreement on Detainers. On the contrary, that Agreement expressly states in Article IV(a) that when a proper request for temporary custody has been made, as in the case at bar, the appropriate officer of the jurisdiction where the charge is pending shall be *entitled* to such custody. The legislative history of the Interstate Agreement on Detainers Act further reveals that the purpose of the Agreement is not to prevent prosecutions but rather to ". . . afford defendants in criminal cases the right to a speedy trial and diminish the possibility of convictions being vacated or reversed because of a denial of this right." S.Rp.No.91–1356, 91st Cong., 2d Sess., 3 U.S.Code Congressional and Administrative News, p. 4864 (1970). Moreover, this Court is without effective power to enjoin the prosecution of petitioner in Colorado. Even if petitioner had presented exceptional circumstances somehow justifying the enjoining of petitioner's temporary transfer of custody, petitioner would still be subject to prosecution upon his release from his present custody.[6]

■■■ In Braden v. 30th Judicial Circuit Court of Kentucky, *supra,* the Supreme Court held that a prisoner has a right to demand in the district in which criminal charges are pending enforcement, by means of federal habeas corpus, of that state's constitutional obligation to bring him to trial. *See also,* Smith v. Hooey, 393 U.S. 374, 89 S.Ct.

---

6. *See,* Williams v. Lockhart, 489 F.2d 308, 317 fn. 16 (8th Cir. 1973) wherein the United States Court of Appeals for the Eighth Circuit concluded that even if the detainer

were removed, a federal district court in Arkansas could do nothing to prevent the custodial state from notifying the demanding state of the prisoner's release date.

575, 21 L.Ed.2d 607 (1969). Colorado authorities are presently seeking to meet that obligation by their request for temporary custody of petitioner. In contrast, petitioner, somehow relying upon the *Braden* decision, seeks herein by his petition to irretrievably frustrate the determination of his claims and the pending state charge. Petitioner's somewhat untimely attempt to suddenly prevent the determination of his claims and his trial by means of federal habeas corpus in this nonjurisdictional federal district should not be successful.[7]

In his exceptions, petitioner also contends that the Magistrate had no authority to conduct the preliminary evidentiary hearing which was held in this case. That contention is without any legal or factual support. This Court has repeatedly held that the Magistrate is authorized to preliminarily process habeas corpus petitioners including the holding of preliminary evidentiary hearings. Ricketts v. Ciccone, 371 F.Supp. 1249, 1255 (W.D.Mo.1974); Proffitt v. Ciccone, 371 F.Supp. 282, 286 (W.D.Mo. 1973). In addition, the United States Court of Appeals for the Eighth Circuit has recently held that no constitutional provisions are violated by permitting magistrates to conduct preliminary evidentiary hearings in habeas corpus actions. Noorlander v. Ciccone, 489 F.2d 642, 648 (8th Cir. 1973).

Petitioner has failed to present to this Court any exceptions to any proposed material finding of fact or any offer to produce in the district court evidence on any material issue of fact. Further, petitioner has not submitted any legal contentions which would justify, under any fair construction of the pleadings, either the grant of a *de novo* hearing or disapproval of the excellent recommended conclusions of law submitted by the United States Magistrate. Under these circumstances, a *de novo* evidentiary hearing is not necessary nor desirable. Procunier v. Atchley, 400 U. S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1970), reh. denied, 401 U.S. 966, 91 S. Ct. 966, 28 L.Ed.2d 249 (1971).

Upon a full and careful review of the records and files, petitioner's exceptions and the report and recommendation of the United States Magistrate, it is hereby concluded that the proposed findings of fact, conclusions of law and proposed action of the Magistrate are correct and should therefore be approved. The petition herein for a writ of habeas corpus should therefore be dismissed without prejudice to any contentions or relief which the petitioner may desire to assert or seek from the Attorney General of the United States,[8] and to petitioner's raising these claims in the courts of the State of Colorado or the appropriate federal district and appellate courts sitting in the State of Colorado.

For the foregoing reasons, it is therefore

Ordered that petitioner's exceptions to the report and recommendation of the United States Magistrate be, and they are hereby, overruled. It is further

---

7. In Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), the United States Supreme Court, citing Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed. 2d 688 (1971), reiterated the continuing vitality of the federal policy to prevent interference and disruption of state proceedings by severely limiting injunctive and declaratory relief in cases where the state criminal prosecution is begun prior to the filing of a federal suit.

8. Article IV(a) of the Interstate Agreement on Detainers Act provides that " . . . there shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the Governor of the sending State may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner." With respect to the United States, the Act provides at Section 3, that the term "Governor" shall mean the "Attorney General." Therefore, petitioner may still conceivably present any claim that he might have against being returned to the Attorney General of the United States, since the request has not yet been honored.

Ordered and adjudged that the petition herein for a writ of habeas corpus be, and it is hereby, dismissed without prejudice.[9]

---

9. On April 2, 1974, the United States Magistrate telephonically communicated to the undersigned a report and recommendation that permission be granted to the respondent to transfer petitioner from the United States Medical Center for Federal Prisoners. Upon considering the Magistrate's report and recommendation, and because the relief which the petitioner sought in his petition for a writ of habeas corpus was not to be granted as set forth in this final judgment which was then being typed, it was concluded that the action proposed by the Magistrate was correct. Therefore, on the request of the respondent and the recommendation of the Magistrate, an order was entered on April 2, 1974, granting respondent permission to transfer the petitioner.